UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY GROVE and MARILYN GROVE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CARLE FOUNDATION, RICHLAND | ) | |
| MEMORIAL HOSPITAL, Inc., d/b/a | ) | No. 21 C 4364 |
| RICHLAND MEMORIAL HOSPITAL, | ) | |
| STEPHANIE GINDER, R.N., CAROL VAN | ) | (Formerly Case No. 2021 L 003665 |
| BLARICUM, R.N., CLINICAL | ) | |
| RADIOLOGISTS, S.C., JEFFREY P. | ) | Circuit Court of Cook County, Illinois) |
| CULLEN, M.D., SHARON C. SMITH, | ) | |
| M.D., SOUTHERN ILLINOIS HEALTH | ) | |
| CARE FOUNDATION, Inc., d/b/a | ) | |
| SIHF HEALTHCARE, LUIS C. | ) | |
| DeVENECIA, M.D., and JAMIE BUMP, | ) | |
| N.P., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:  Clerk of the Circuit Court          Brian K. Hetzer
     Richard J. Daley Center, Room 1001  Duncan law Group, LLC
     50 West Washington Street           161 N. Clark St., Suite 2550
     Chicago, Illinois 60602             Chicago, Illinois 60601

     Counsel of Record

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.      On April 7, 2021, plaintiffs Danny Grove and Marilyn Grove commenced the above

civil action against the Carle Foundation, Southern Illinois Health Care Foundation, Inc., d/b/a

SIHF Healthcare, Luis C. DeVenecia, M.D., Jamie Bump, N.P., and others, alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare, is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233. Exhibit B. In addition, Luis C. DeVenecia, M.D., and Jamie Bump, N.P. were acting within the scope of their employment at the Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare, with respect to the incidents referred to in the complaint. *Id.*

2.     This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare, was a private entity receiving grant money from the Public Health Service and that defendants Luis C. DeVenecia, M.D., and Jamie Bump, N.P., were acting within the scope of their employment at the Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare, with respect to the incidents referred to in the complaint. Exhibit B.

3.     This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4.     Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare, Luis C. DeVenecia, M.D., and Jamie Bump, N.P.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare, Luis C. DeVenecia, M.D., and Jamie Bump, N.P.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Thomas Walsh
THOMAS P.WALSH
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5312
thomas.walsh2@usdoj.gov

# Exhibit A

FILED
4/7/2021 12:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
12861628

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DANNY GROVE and MARILYN GROVE,

Plaintiffs,

v.

No. 2021 L 2021L003665

THE CARLE FOUNDATION, RICHLAND
MEMORIAL HOSPITAL, INC. d/b/a
RICHLAND MEMORIAL HOSPITAL,
STEPHANIE GINDER, R.N.,
CAROL VAN BLARICUM, R.N.,
CLINICAL RADIOLOGISTS, S.C.,
JEFFREY P. CULLEN, M.D., SHARON C.
SMITH, M.D., SOUTHERN ILLINOIS
HEALTH CARE FOUNDATION, INC. d/b/a
SIHF HEALTHCARE, LUIS C.
DeVENECIA, M.D., and JAMIE BUMP, NP,

Defendants.

## **COMPLAINT**

### **Count I**
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC,
his attorneys, and for his Complaint against Defendant, THE CARLE FOUNDATION, he states
the following:

1.      Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of
Richland, State of Illinois.

2.      Defendant, THE CARLE FOUNDATION, is an Illinois corporation with its
principal place of business in the City of Urbana, County of Champaign, State of Illinois, and it
owned and/or operated a hospital, namely Carle Richland Memorial Hospital, in the City of
Olney, County of Richland, State of Illinois.

3.      On April 9, 2019, Plaintiff, DANNY GROVE, was placed under monitored
anesthesia at the aforesaid hospital for a pre-scheduled colonoscopy and

esophagogastroduodenoscopy.

4.     While at the aforesaid hospital for the procedures in question, Plaintiff, DANNY GROVE, was under the care and treatment of the actual and/or apparent agents of Defendant, THE CARLE FOUNDATION, including its nursing staff.

5.     Following said procedures, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, transferred Plaintiff, DANNY GROVE, to the post-anesthesia recovery room.

6.     Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including its nursing staff, knew or should have known that Plaintiff, DANNY GROVE, was a fall risk.

7.     While in the post-anesthesia recovery room and while under the effects of anesthesia, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, told Plaintiff, DANNY GROVE, to change from his hospital gown into his personal clothes and left him unattended.

8.     While attempting to dress, Plaintiff, DANNY GROVE, fell, striking his back on the toilet.

9.     At all times relevant herein, Defendant, THE CARLE FOUNDATION, by and through its actual and/or apparent agents and/or employees, owed Plaintiff, DANNY GROVE, a duty of reasonable care.

10.     Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, breached its duty in one or more of the following ways:

      a. Failed to recognize that Plaintiff, DANNY GROVE, was a fall risk;
      b. Failed to assist Plaintiff, DANNY GROVE, with dressing following anesthesia;
      c. Left Plaintiff, DANNY GROVE, unattended while recovering from anesthesia;
      d. Placed Plaintiff, DANNY GROVE, in a small bathroom to dress rather than providing a larger space with less hazards; or
      e. Directed Plaintiff, DANNY GROVE, to change from his hospital gown into his clothes unassisted before it was safe to do so.

11.     As a direct and proximate result of one or more of the above negligent acts or

omissions, Plaintiff, DANNY GROVE, fell, striking his back on the toilet and fracturing his thoracic spine.

12.    As a direct and proximate result of his injuries, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or apparent agents and/or employees, as aforesaid.

13.    Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

14.    Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, THE CARLE FOUNDATION, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count II
### *Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count II of her Complaint against Defendant, THE CARLE FOUNDATION, she states the following:

1-12.    Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-12 of Count I of this Complaint as and for paragraphs 1-12 of Count II.

13.    Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

14.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, THE CARLE FOUNDATION, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, THE CARLE FOUNDATION, in such sums as to fairly and

justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count III
### *Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for his Complaint against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, he states the following:

1.     Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.     Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, is an Illinois corporation with its principal place of business in the City of Urbana, County of Champaign, State of Illinois, and it owned and/or operated a hospital, namely Carle Richland Memorial Hospital, in the City of Olney, County of Richland, State of Illinois.

3.     On April 9, 2019, Plaintiff, DANNY GROVE, was placed under monitored anesthesia at the aforesaid hospital for a pre-scheduled colonoscopy and esophagogastroduodenoscopy.

4.     While at the aforesaid hospital for the procedures in question, Plaintiff, DANNY GROVE, was under the care and treatment of the actual and/or apparent agents of Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, including its nursing staff.

5.     Following said procedures, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, transferred Plaintiff, DANNY GROVE, to the post-anesthesia recovery room.

6.     Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including its nursing staff, knew or should have known that Plaintiff, DANNY GROVE, was a fall risk.

7.     While in the post-anesthesia recovery room and while under the effects of anesthesia, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, told Plaintiff, DANNY GROVE, to change from his hospital gown into his personal clothes and left him unattended.

8.     While attempting to dress, Plaintiff, DANNY GROVE, fell, striking his back on the toilet.

9.     At all times relevant herein, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, by and through its actual and/or apparent agents and/or employees, owed Plaintiff, DANNY GROVE, a duty of reasonable care.

10.    Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including but not limited to its nursing staff, breached its duty in one of the following ways:

   a. Failed to recognize that Plaintiff, DANNY GROVE, was a fall risk;
   b. Failed to assist Plaintiff, DANNY GROVE, with dressing following anesthesia;
   c. Left Plaintiff, DANNY GROVE, unattended while recovering from anesthesia;
   d. Placed Plaintiff, DANNY GROVE, in a small bathroom to dress rather than providing a larger space with less hazards; or
   e. Directed Plaintiff, DANNY GROVE, to change from his hospital gown into his clothes unassisted before it was safe to do so.

11.    As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE, fell, striking his back on the toilet and fracturing his thoracic spine.

12.    As a direct and proximate result of those injuries, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and

through its actual and/or apparent agents and/or employees, as aforesaid.

13.　Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

14.　Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count IV
### *Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count IV of her Complaint against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, she states the following:

1-12.　Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-12 of Count III of this Complaint as and for paragraphs 1-12 of Count IV.

13.　Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

14.　As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count V
### *Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count V of his Complaint against Defendant, STEPHANIE GINDER, R.N., he states the following:

1.     Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.     Defendant, STEPHANIE GINDER, R.N., is a resident of the City of Olney, County of Richland, State of Illinois.

3.     At all times relevant herein, Defendant, STEPHANIE GINDER, R.N., was a registered nurse and worked at Carle Richland Memorial Hospital in the City of Olney, County of Richland, State of Illinois.

3.     On April 9, 2019, Plaintiff, DANNY GROVE, was placed under monitored anesthesia at the aforesaid hospital for a pre-scheduled colonoscopy and esophagogastroduodenoscopy.

4.     Following said procedures, Plaintiff, DANNY GROVE, was taken to the post-anesthesia recovery room, where Defendant, STEPHANIE GINDER, R.N., was his nurse.

5.     Defendant, STEPHANIE GINDER, R.N., knew or should have known that Plaintiff, DANNY GROVE, was a fall risk.

6.     While in the post-anesthesia recovery room and while under the effects of anesthesia, Defendant, STEPHANIE GINDER, R.N., told Plaintiff, DANNY GROVE, to change from his hospital gown into his personal clothes and left him unattended.

7.     While attempting to dress, Plaintiff, DANNY GROVE, fell, striking his back on the toilet.

8.     At all times relevant herein, Defendant, STEPHANIE GINDER, R.N., owed Plaintiff, DANNY GROVE, a duty of reasonable care.

9.     Defendant, STEPHANIE GINDER, R.N., breached its duty in one or more of the following ways:

        a.   Failed to recognize that Plaintiff, DANNY GROVE, was a fall
             risk;

b. Failed to assist Plaintiff, DANNY GROVE, with dressing following anesthesia;

c. Left Plaintiff, DANNY GROVE, unattended while recovering from anesthesia;

d. Placed Plaintiff, DANNY GROVE, in a small bathroom to dress rather than providing a larger space with less hazards; or

e. Directed Plaintiff, DANNY GROVE, to change from his hospital gown into his clothes unassisted before it was safe to do so.

10.     As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE, fell, striking his back on the toilet and fracturing his thoracic spine.

11.     As a direct and proximate result of his injuries, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or apparent agents and/or employees, as aforesaid.

12.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

13.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, STEPHANIE GINDER, R.N., in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

### Count VI
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count VI of her Complaint against Defendant, STEPHANIE GINDER, R.N., she states the following:

1-11.    Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-11 of Count V of this Complaint as and for paragraphs 1-11 of Count VI.

12.    Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

13.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, STEPHANIE GINDER, R.N., as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, STEPHANIE GINDER, R.N., in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count VII
### *Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count VII of his Complaint against Defendant, CAROL VAN BLARICUM, R.N., he states the following:

1.    Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.    Defendant, CAROL VAN BLARICUM, R.N., is a resident of the Village of Noble, County of Richland, State of Illinois.

3.    At all times relevant herein, Defendant, CAROL VAN BLARICUM, R.N., was a registered nurse and worked at Carle Richland Memorial Hospital in the City of Olney, County of Richland, State of Illinois.

3.    On April 9, 2019, Plaintiff, DANNY GROVE, was placed under monitored anesthesia at the aforesaid hospital for a pre-scheduled colonoscopy and esophagogastroduodenoscopy.

4.    Following said procedures, Plaintiff, DANNY GROVE, was taken to the post-anesthesia recovery room, where Defendant, CAROL VAN BLARICUM, R.N., was his nurse.

5.    Defendant, CAROL VAN BLARICUM, R.N., knew or should have known that Plaintiff, DANNY GROVE, was a fall risk.

6.    While in the post-anesthesia recovery room and while under the effects of anesthesia, Defendant, CAROL VAN BLARICUM, R.N., told Plaintiff, DANNY GROVE, to change from his hospital gown into his personal clothes and left him unattended.

7.    While attempting to dress, Plaintiff, DANNY GROVE, fell, striking his back on the toilet.

8.    At all times relevant herein, Defendant, CAROL VAN BLARICUM, R.N., owed Plaintiff, DANNY GROVE, a duty of reasonable care.

9.    Defendant, CAROL VAN BLARICUM, R.N., breached its duty in one or more of the following ways:

    a.  Failed to recognize that Plaintiff, DANNY GROVE, was a fall risk;
    b.  Failed to assist Plaintiff, DANNY GROVE, with dressing following anesthesia;
    c.  Left Plaintiff, DANNY GROVE, unattended while recovering from anesthesia;
    d.  Placed Plaintiff, DANNY GROVE, in a small bathroom to dress rather than providing a larger space with less hazards; or
    e.  Directed Plaintiff, DANNY GROVE, to change from his hospital gown into his clothes unassisted before it was safe to do so.

10.    As a direct and proximate result of one or more or a combination of the above negligent acts or omissions, Plaintiff, DANNY GROVE, fell, striking his back on the toilet and fracturing his thoracic spine.

11.    As a direct and proximate result of his injuries, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or apparent agents and/or employees, as aforesaid.

12.    Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

13.    Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, CAROL VAN BLARICUM, R.N., in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count VIII
### *Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count VIII of her Complaint against Defendant, CAROL VAN BLARICUM, R.N., she states the following:

1-11.   Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-11 of Count VII of this Complaint as and for paragraphs 1-11 of Count VIII.

12.   Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

13.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, CAROL VAN BLARICUM, R.N., as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, CAROL VAN BLARICUM, R.N., in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count IX
### *Institutional Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count IX of his Complaint against Defendant, THE CARLE FOUNDATION, he states the following:

1.   Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.   Defendant, THE CARLE FOUNDATION, is an Illinois corporation with its

principal place of business in the City of Urbana, County of Champaign, State of Illinois, and it owned and/or operated a hospital, namely Carle Richland Memorial Hospital, in the City of Olney, County of Richland, State of Illinois.

3.     On April 9, 2019, Plaintiff, DANNY GROVE, was placed under monitored anesthesia at the aforesaid hospital for a pre-scheduled colonoscopy and esophagogastroduodenoscopy.

4.     While at the aforesaid hospital for the procedures in question, Plaintiff, DANNY GROVE, was under the care and treatment of the actual and/or apparent agents of Defendant, THE CARLE FOUNDATION, including its nursing staff.

5.     Following said procedures, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, transferred Plaintiff, DANNY GROVE, to the post-anesthesia recovery room.

6.     Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including its nursing staff, knew or should have known that Plaintiff, DANNY GROVE, was a fall risk.

7.     While in the post-anesthesia recovery room and while under the effects of anesthesia, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, told Plaintiff, DANNY GROVE, to change from his hospital gown into his personal clothes and left him unattended in a small bathroom.

8.     While attempting to dress, Plaintiff, DANNY GROVE, fell, striking his back on the toilet.

9.     At all times relevant herein, Defendant, THE CARLE FOUNDATION, as an institution, owed Plaintiff, DANNY GROVE, a duty of reasonable care.

10.     Defendant, THE CARLE FOUNDATION, as an institution, breached its duty in one or more of the following ways:

> a.  Failed to have policies, procedures, or practices on assessing fall risks in the post-anesthesia recovery area;
> b.  Failed to ensure that nurses comply with Defendant's policies, procedures, and/or practices on assessing fall risks in the post-anesthesia recovery area;

c. Failed to have policies, procedures, or practices setting forth standards when patients are able to get out of bed in the post-anesthesia recovery area;

d. Failed to ensure nurses complied with Defendant's policies, procedures, or practices setting forth standards when patients are able to walk in the post-anesthesia recovery area;

e. Failed to have policies, procedures, or practices setting forth standards when patients are able to walk in the post-anesthesia recovery area;

f. Failed to ensure nurses complied with Defendant's policies, procedures, or practices setting forth standards when patients are able to walk in the post-anesthesia recovery area

g. Failed to have policies, procedures, and/or practices for assisting patients with dressing in the post-anesthesia recovery room.

h. Failed to ensure nurses complied with Defendant's policies, procedure, and/or practices for assisting patients with dressing in the post-anesthesia recovery room.

i. Failed to have policies, procedures, and/or practices prohibiting nurses from allowing patients to change their clothes in the small bathroom in the post-anesthesia recovery area; or

j. Failed to ensure compliance and/or teach nurses to comply with policies, procedures, and/or practices prohibiting nurses from allowing patients to change their clothes in the small bathroom in the post-anesthesia recovery area;

11.     As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE, fell, striking his back on the toilet and fracturing his thoracic spine.

12.     As a direct and proximate result of his injuries, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or apparent agents and/or employees, as aforesaid.

13.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

14.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, THE CARLE FOUNDATION, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count X
### *Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count X of her Complaint against Defendant, THE CARLE FOUNDATION, she states the following:

1-12.  Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-12 of Count IX of this Complaint as and for paragraphs 1-12 of Count X.

13.  Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

14.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, THE CARLE FOUNDATION, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, THE CARLE FOUNDATION, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count XI
### *Institutional Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XI of his Complaint against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, he states the following:

1.  Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.  Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, is an Illinois corporation with its principal place of business in the

City of Urbana, County of Champaign, State of Illinois, and it owned and/or operated a hospital, namely Carle Richland Memorial Hospital, in the City of Olney, County of Richland, State of Illinois.

3.     On April 9, 2019, Plaintiff, DANNY GROVE, was placed under monitored anesthesia at the aforesaid hospital for a pre-scheduled colonoscopy and esophagogastroduodenoscopy.

4.     While at the aforesaid hospital for the procedures in question, Plaintiff, DANNY GROVE, was under the care and treatment of the actual and/or apparent agents of Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, including its nursing staff.

5.     Following said procedures, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, transferred Plaintiff, DANNY GROVE, to the post-anesthesia recovery room.

6.     Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including its nursing staff, knew or should have known that Plaintiff, DANNY GROVE, was a fall risk.

7.     While in the post-anesthesia recovery room and while under the effects of anesthesia, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, told Plaintiff, DANNY GROVE, to change from his hospital gown into his personal clothes and left him unattended in a small bathroom.

8.     While attempting to dress, Plaintiff, DANNY GROVE, fell, striking his back on the toilet.

9.     At all times relevant herein, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, as an institution, owed Plaintiff, DANNY GROVE, a duty of reasonable care.

10.     Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, as an institution, breached its duty in one of the following ways:

a. Failed to have policies, procedures, or practices on assessing fall risks in the post-anesthesia recovery area;

b. Failed to ensure that nurses comply with Defendant's policies, procedures, and/or practices on assessing fall risks in the post-anesthesia recovery area;

c. Failed to have policies, procedures, or practices setting forth standards when patients are able to get out of bed in the post-anesthesia recovery area;

d. Failed to ensure nurses complied with Defendant's policies, procedures, or practices setting forth standards when patients are able to walk in the post-anesthesia recovery area;

e. Failed to have policies, procedures, or practices setting forth standards when patients are able to walk in the post-anesthesia recovery area;

f. Failed to ensure nurses complied with Defendant's policies, procedures, or practices setting forth standards when patients are able to walk in the post-anesthesia recovery area

g. Failed to have policies, procedures, and/or practices for assisting patients with dressing in the post-anesthesia recovery room.

h. Failed to ensure nurses complied with Defendant's policies, procedure, and/or practices for assisting patients with dressing in the post-anesthesia recovery room.

i. Failed to have policies, procedures, and/or practices prohibiting nurses from allowing patients to change their clothes in the small bathroom in the post-anesthesia recovery area; or

j. Failed to ensure compliance and/or teach nurses to comply with policies, procedures, and/or practices prohibiting nurses from allowing patients to change their clothes in the small bathroom in the post-anesthesia recovery area;

11. As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE, fell, striking his back on the toilet and fracturing his thoracic spine.

12. As a direct and proximate result of those injuries, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, as aforesaid.

13.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

14.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count XII
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XII of her Complaint against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, she states the following:

1-12.   Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-12 of Count XI of this Complaint as and for paragraphs 1-12 of Count XII.

13.     Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

14.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count XIII
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XIII his Complaint against Defendant, CLINICAL RADIOLOGISTS, S.C., he states the following:

1.      Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.      Defendant, CLINICAL RADIOLOGISTS, S.C., is an Illinois corporation with its principal place of business in the City of Springfield, County of Sangamon, State of Illinois.

3.      At all times relevant herein, Defendant, CLINICAL RADIOLOGISTS, S.C., was a radiological services company employing radiologists, who conducted business throughout the state of Illinois.

4.      At all times relevant herein, JEFFREY P. CULLEN, M.D. was an actual and/or apparent agent and/or employee of Defendant, CLINICAL RADIOLOGISTS, S.C.

5.      On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

6.      Between the fall and April 19, 2019, Plaintiff, DANNY GROVE, complained of persistent back pain.

7.      On April 19, 2019, Plaintiff, DANNY GROVE, had a CT of his chest, abdomen, and pelvis at Carle Richland Memorial Hospital.

8.      The reasons for said study included Plaintiff's fall and his history of persistent, severe back pain since the date of the fall.

9.      Defendant, CLINICAL RADIOLOGISTS, S.C., acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., read that study and reported "no significant abnormality" of the musculoskeletal areas of the chest.

10.     Approximately seven hours later, on April 19, 2019, Defendant, CLINICAL RADIOLOGISTS, S.C., acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., added an addendum to his earlier report, reporting abnormalities in the musculoskeletal areas of the chest, including:

"Diffuse ossification of the anterior longitudinal ligament is seen in the thoracic and lumbar spine. No definite DISH fracture was seen."

11.     On or about May 16, 2019, Plaintiff, DANNY GROVE, had a CTA of the chest at Carle Richland Memorial Hospital.

12.     The reason for said study included Plaintiff, DANNY GROVE's medical history of "back pain after fall 1 month ago."

13.     Defendant, CLINICAL RADIOLOGISTS, S.C., acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., read that study and reported the musculoskeletal areas as having "no significant abnormality."

14.     Twelve days later, on May 28, 2019, Defendant, CLINICAL RADIOLOGISTS, S.C., acting by and through its actual and/or apparent agents and/or employees, including but not limited to Angela Schilsky, M.D., reviewed that same CTA from May 16, 2019, and identified "acute thoracic spine fractures."

15.     At all times relevant herein, Defendant, CLINICAL RADIOLOGISTS, S.C., by and through its actual and/or apparent agents and/or employees, owed Plaintiff, DANNY GROVE, a duty to act as a reasonably careful radiologist under the same or similar circumstances.

16.     Defendant, CLINICAL RADIOLOGISTS, S.C., acting by and through its actual and/or apparent agents and/or employees, including JEFFREY P. CULLEN, M.D., breached its duty in one or more of the following ways:

        a.  Failed to identify the thoracic spine fracture;
        b.  Failed to document the thoracic spine fracture, a critical finding;
        c.  Failed to report the thoracic spine fracture to Plaintiff's primary care physician and/or attending physician; or
        d.  Was otherwise careless and/or negligent.

17.     As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019.

18.     As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY

GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or apparent agents and/or employees, as aforesaid.

19.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

20.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, CLINICAL RADIOLOGISTS, S.C., in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

### Count XIV
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XIV of her Complaint against Defendant, CLINICAL RADIOLOGISTS, S.C., she states the following:

1-18.   Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-18 of Count XIII of this Complaint as and for paragraphs 1-18 of Count XIV.

19.     Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

20.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, CLINICAL RADIOLOGISTS, S.C., as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, CLINICAL RADIOLOGISTS, S.C., in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count XV
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XV of his Complaint against Defendant, THE CARLE FOUNDATION, he states the following:

1.      Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.      Defendant, THE CARLE FOUNDATION, is an Illinois corporation with its principal place of business in the City of Urbana, County of Champaign, State of Illinois, and it owned and/or operated a hospital, namely Carle Richland Memorial Hospital, in the City of Olney, County of Richland, State of Illinois.

3.      At all times relevant herein, JEFFREY P. CULLEN, M.D. was a radiologist who interpreted radiological images for Carle Richland Memorial Hospital, and he was an actual and/or apparent agent and/or employee of Defendant, THE CARLE FOUNDATION.

4.      On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

5.      Between the fall and April 19, 2019, Plaintiff, DANNY GROVE, complained of persistent back pain.

6.      On April 19, 2019, Plaintiff, DANNY GROVE, had a CT of his chest, abdomen, and pelvis at Carle Richland Memorial Hospital.

7.      The reasons for said study included Plaintiff's fall and his history of persistent, severe back pain since the date of the fall.

8.      Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., read that study and reported "no significant abnormality" of the musculoskeletal areas of the chest.

9.      Approximately seven hours later, on April 19, 2019, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., added an addendum to his earlier report, reporting abnormalities in the musculoskeletal areas of the chest, including: "Diffuse

ossification of the anterior longitudinal ligament is seen in the thoracic and lumbar spine. No definite DISH fracture was seen."

10.    On or about May 16, 2019, Plaintiff, DANNY GROVE, had a CTA of the chest at Carle Richland Memorial Hospital.

11.    The reason for said study included Plaintiff, DANNY GROVE's medical history of "back pain after fall 1 month ago."

12.    Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., read that study and reported the musculoskeletal areas as having "no significant abnormality."

13.    Twelve days later, on May 28, 2019, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including but not limited to Angela Schilsky, M.D., reviewed that same CTA from May 16, 2019, and identified "acute thoracic spine fractures."

14.    At all times relevant herein, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., owed Plaintiff, DANNY GROVE, a duty to act as a reasonably careful radiologist under the same or similar circumstances.

15.    Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including JEFFREY P. CULLEN, M.D., breached that duty in one or more of the following ways:

        a.  Failed to identify the thoracic spine fracture;
        b.  Failed to document the thoracic spine fracture, a critical finding;
        c.  Failed to report the thoracic spine fracture to Plaintiff's primary care physician and/or attending physician; or
        d.  Was otherwise careless and/or negligent.

16.    As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019.

17.    As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has

endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or apparent agents and/or employees, as aforesaid.

18.    Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

19.    Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, THE CARLE FOUNDATION, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count XVI
### *Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XVI of her Complaint against Defendant, THE CARLE FOUNDATION, she states the following:

1-17.    Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-17 of Count XV of this Complaint as and for paragraphs 1-17 of Count XVI.

18.    Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

19.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, THE CARLE FOUNDATION, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, THE CARLE FOUNDATION, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count XVII
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XVII of his Complaint against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, he states the following:

1.      Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.      Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, is an Illinois corporation with its principal place of business in the City of Olney, County of Richland, State of Illinois, and it owned and/or operated a hospital, namely Carle Richland Memorial Hospital, in the City of Olney, County of Richland, State of Illinois.

3.      At all times relevant herein, JEFFREY P. CULLEN, M.D. was a radiologist who interpreted radiological images for Carle Richland Memorial Hospital, and he was an actual and/or apparent agent and/or employee of Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL.

4.      On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

5.      Between the fall and April 19, 2019, Plaintiff, DANNY GROVE, complained of persistent back pain.

6.      On April 19, 2019, Plaintiff, DANNY GROVE, had a CT of his chest, abdomen, and pelvis at Carle Richland Memorial Hospital.

7.      The reasons for said study included Plaintiff's fall and his history of persistent, severe back pain since the date of the fall.

8.      Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., read that study and reported "no significant abnormality" of the musculoskeletal areas of the chest.

9.      Approximately seven hours later, on April 19, 2019, Defendant, RICHLAND

MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., added an addendum to his earlier report, reporting abnormalities in the musculoskeletal areas of the chest, including: "Diffuse ossification of the anterior longitudinal ligament is seen in the thoracic and lumbar spine. No definite DISH fracture was seen."

      10.     On or about May 16, 2019, Plaintiff, DANNY GROVE, had a CTA of the chest at Carle Richland Memorial Hospital.

      11.     The reason for said study included Plaintiff, DANNY GROVE's medical history of "back pain after fall 1 month ago."

      12.     Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., read that study and reported the musculoskeletal areas as having "no significant abnormality."

      13.     Twelve days later, on May 28, 2019, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including but not limited to Angela Schilsky, M.D., reviewed the same CTA from May 16, 2019, and identified "acute thoracic spine fractures."

      14.     At all times relevant herein, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including but not limited to JEFFREY P. CULLEN, M.D., owed Plaintiff, DANNY GROVE, a duty to act as a reasonably careful radiologist under the same or similar circumstances.

      15.     Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including JEFFREY P. CULLEN, M.D., breached that duty in one or more of the following ways:

          a.   Failed to identify the thoracic spine fracture;
          b.   Failed to document the thoracic spine fracture, a critical finding;

    c.  Failed to report the thoracic spine fracture to Plaintiff's
        primary care physician and/or attending physician; or
    d.  Was otherwise careless and/or negligent.

16.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019.

17.    As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or apparent agents and/or employees, as aforesaid.

18.    Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

19.    Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

### Count XVIII
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XVIII of her Complaint against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, she states the following:

1-17.    Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-17 of Count XVII of this Complaint as and for paragraphs 1-17 of Count XVIII.

18.    Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

19.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

### Count XIX
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XIX of his Complaint against Defendant, JEFFREY P. CULLEN, M.D., he states the following:

1.    Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.    Defendant, JEFFREY P. CULLEN, M.D., is a resident of the Village of Westmont, County of DuPage, State of Illinois.

3.    At all times relevant herein, JEFFREY P. CULLEN, M.D. was a radiologist who interpreted radiological images for various hospitals throughout Illinois, including Carle Richland Memorial Hospital in the City of Olney, County of Richland, State of Illinois.

4.    On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

5.    Between the fall and April 19, 2019, Plaintiff, DANNY GROVE, complained of persistent back pain.

6.    On April 19, 2019, Plaintiff, DANNY GROVE, had a CT of his chest, abdomen, and pelvis at Carle Richland Memorial Hospital.

7.    The reasons for said study included Plaintiff's fall and his history of persistent, severe back pain since the date of the fall.

8.     Defendant, JEFFREY P. CULLEN, M.D., read that study and reported "no significant abnormality" of the musculoskeletal areas of the chest.

9.     Approximately seven hours later, on April 19, 2019, Defendant, JEFFREY P. CULLEN, M.D., added an addendum to his earlier report, reporting abnormalities in the musculoskeletal areas of the chest, including: "Diffuse ossification of the anterior longitudinal ligament is seen in the thoracic and lumbar spine. No definite DISH fracture was seen."

10.    On or about May 16, 2019, Plaintiff, DANNY GROVE, had a CTA of the chest at Carle Richland Memorial Hospital.

11.    The reason for said study included Plaintiff, DANNY GROVE's medical history of "back pain after fall 1 month ago."

12.    Defendant, JEFFREY P. CULLEN, M.D., read that study and reported the musculoskeletal areas as having "no significant abnormality."

13.    Twelve days later, on May 28, 2019, another radiologist, specifically Angela Schilsky, M.D., reviewed the same CTA from May 16, 2019, and identified "acute thoracic spine fractures."

14.    At all times relevant herein, Defendant, JEFFREY P. CULLEN, M.D., owed Plaintiff, DANNY GROVE, a duty to act as a reasonably careful radiologist under the same or similar circumstances.

15.    Defendant, JEFFREY P. CULLEN, M.D., breached that duty in one or more of the following ways:

       a.  Failed to identify the thoracic spine fracture;
       b.  Failed to document the thoracic spine fracture, a critical finding;
       c.  Failed to report the thoracic spine fracture to Plaintiff's primary care physician and/or attending physician; or
       d.  Was otherwise careless and/or negligent.

16.    As a direct and proximate result of one or more of the above negligent acts or omissions of the Defendant, JEFFREY P. CULLEN, M.D, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019 after experiencing partial paralysis.

17.    As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY

GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, as aforesaid.

18.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

19.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, JEFFREY P. CULLEN, M.D., in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

### Count XX
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XX of her Complaint against Defendant, JEFFREY P. CULLEN, M.D., she states the following:

1-17.   Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-17 of Count XIX of this Complaint as and for paragraphs 1-17 of Count XX.

18.     Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

19.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, JEFFREY P. CULLEN, M.D., as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, JEFFREY P. CULLEN, M.D., in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count XXI
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for his Complaint against Defendant, SHARON C. SMITH, M.D., he states the following:

1. Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2. Defendant, SHARON C. SMITH, M.D., is a resident of the Village of Flossmoor, County of Cook, State of Illinois.

3. At all times relevant herein, SHARON C. SMITH, M.D. was an emergency medicine physician, who practiced at various hospitals and facilities throughout Illinois, including one in the County of Cook, State of Illinois and Carle Richland Memorial Hospital in the City of Olney, County of Richland, State of Illinois.

4. On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

5. Between that fall and April 19, 2019, Plaintiff, DANNY GROVE, complained of persistent back pain.

6. On April 19, 2019, Plaintiff, DANNY GROVE, had a CT of his chest, abdomen, and pelvis at Carle Richland Memorial Hospital.

7. The reasons for said study included Plaintiff's fall and his history of persistent, severe back pain since the date of the fall.

8. On April 19, 2019, a radiologist read that study and reported "no significant abnormality" of the musculoskeletal areas of the chest.

9. That same day, a radiologist added an addendum to his earlier report, reporting abnormalities in the musculoskeletal areas of the chest, including: "Diffuse ossification of the anterior longitudinal ligament is seen in the thoracic and lumbar spine. No definite DISH fracture was seen."

10. On or about May 16, 2019, Plaintiff, DANNY GROVE, had a CTA of the chest at Carle Richland Memorial Hospital.

11. The reason for said study included Plaintiff, DANNY GROVE's medical history

of "back pain after fall 1 month ago."

12.    A radiologist read that study and reported the musculoskeletal areas as having "no significant abnormality."

13.    On May 25, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he complained of severe back pain radiating down both legs.

14.    On May 25, 2019, Defendant, SHARON C. SMITH, M.D., was the emergency room physician at Carle Richland Memorial Hospital.

15.    Despite complaints of severe back pain with radiating symptoms, Defendant, SHARON C. SMITH, M.D., discharged Plaintiff, DANNY GROVE.

16.    On May 26, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he, once again, complained of severe back pain with radiating symptoms.

17.    On May 26, 2019, Defendant, SHARON C. SMITH, M.D., was the emergency room physician at Carle Richland Memorial Hospital, and admitted him as an inpatient.

18.    On May 28, 2019, a radiologist reviewed the same CTA from May 16, 2019, and identified "acute thoracic spine fractures."

19.    At all times relevant herein, Defendant, SHARON C. SMITH, M.D., owed Plaintiff, DANNY GROVE, a duty to act as a reasonably careful emergency room physician under the same or similar circumstances.

20.    Defendant, SHARON C. SMITH, M.D., breached that duty in one or more the following ways:

        a.  Failed to conduct a thorough physical examination, including a neurological examination, on May 25, 2019;

        b.  Failed to order tests, including a CT of the thoracic spine on May 25, 2019, given DANNY GROVE's history, pain complaints, and history of prostate cancer.

        c.  Failed to conduct a thorough physical examination, including a neurological examination, on May 26, 2019; or

        d.  Failed to order tests, including a CT of the thoracic spine on May 26, 2019, given DANNY GROVE's history, pain complaints, and history of prostate cancer.

21.    As a direct and proximate result of one or more of the above negligent acts or

omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019.

22.     As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, as aforesaid.

23.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

24.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, SHARON C. SMITH, M.D., in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count XXII
### *Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XXII of her Complaint against Defendant, SHARON C. SMITH, M.D., she states the following:

1-22.   Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-22 of Count XXI of this Complaint as and for paragraphs 1-22 of Count XXII.

23.     Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

24.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, SHARON C. SMITH, M.D., as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, SHARON C. SMITH, M.D., in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

### Count XXIII
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XXIII of his Complaint against Defendant, THE CARLE FOUNDATION, he states the following:

1. Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2. Defendant, THE CARLE FOUNDATION, is an Illinois corporation with its principal place of business in the City of Urbana, County of Champaign, State of Illinois, and it owned and/or operated a hospital, namely Carle Richland Memorial Hospital, in the City of Olney, County of Richland, State of Illinois.

3. At all times relevant herein, SHARON C. SMITH, M.D. was an emergency medicine physician, who practiced at various hospitals and facilities throughout Illinois, including one in the County of Cook, State of Illinois and Carle Richland Memorial Hospital in the City of Olney, County of Richland, State of Illinois.

4. At all times relevant herein, SHARON C. SMITH, M.D. was an actual and/or apparent agent and/or employee of Defendant, THE CARLE FOUNDATION.

5. On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

6. Between that fall and April 19, 2019, Plaintiff, DANNY GROVE, complained of persistent back pain.

7. On April 19, 2019, Plaintiff, DANNY GROVE, had a CT of his chest, abdomen, and pelvis at Carle Richland Memorial Hospital.

8. The reasons for said study included Plaintiff's fall and his history of persistent, severe back pain since the date of the fall.

9.     On April 19, 2019, a radiologist read that study and reported "no significant abnormality" of the musculoskeletal areas of the chest.

10.     That same day, a radiologist added an addendum to his earlier report, reporting abnormalities in the musculoskeletal areas of the chest, including: "Diffuse ossification of the anterior longitudinal ligament is seen in the thoracic and lumbar spine. No definite DISH fracture was seen."

11.     On or about May 16, 2019, Plaintiff, DANNY GROVE, had a CTA of the chest at Carle Richland Memorial Hospital.

12.     The reason for said study included Plaintiff's medical history of "back pain after fall 1 month ago."

13.     A radiologist read that study and reported the musculoskeletal areas as having "no significant abnormality."

14.     On May 25, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he complained of severe back pain radiating down both legs.

15.     On May 25, 2019, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., provided emergency room services to Plaintiff, DANNY GROVE.

16.     Despite complaints of severe back pain with radiating symptoms, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., discharged Plaintiff, DANNY GROVE.

17.     On May 26, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he, once again, complained of severe back pain with radiating symptoms.

18.     On May 26, 2019, Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., provided emergency room services to Plaintiff, DANNY GROVE, and admitted him as an inpatient.

19.     On May 28, 2019, a radiologist reviewed the same CTA from May 16, 2019 and identified "acute thoracic spine fractures."

20.    At all times relevant herein, Defendant, THE CARLE FOUNDATION, acting by and through its apparent and/or actual agents and/or employees, including SHARON C. SMITH, M.D., owed Plaintiff, DANNY GROVE, a duty to act as a reasonably careful emergency medicine physician under the same or similar circumstances.

21.    Defendant, THE CARLE FOUNDATION, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., breached that duty in one or more of the following ways:

   a. Failed to conduct a thorough physical examination, including a
      neurological examination, on May 25, 2019;
   b. Failed to order tests, including a CT of the thoracic spine on
      May 25, 2019, given DANNY GROVE's history, pain
      complaints, and history of prostate cancer.
   c. Failed to conduct a thorough physical examination, including a
      neurological examination, on May 26, 2019; or
   d. Failed to order tests, including a CT of the thoracic spine on
      May 26, 2019, given DANNY GROVE's history, pain
      complaints, and history of prostate cancer.

23.    As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019.

24.    As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or employees, as aforesaid.

25.    Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

26.    Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, THE CARLE FOUNDATION, in a sum in excess of fifty thousand

dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count XXIV
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XXIV of her Complaint against Defendant, THE CARLE FOUNDATION, she states the following:

1-24. Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-24 of Count XXIII of this Complaint as and for paragraphs 1-24 of Count XXIV.

25. Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

26. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, THE CARLE FOUNDATION, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, THE CARLE FOUNDATION, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

## Count XXV
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XXV of his Complaint against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, he states the following:

1. Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2. Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, is an Illinois corporation with its principal place of business in the

City of Olney, County of Richland, State of Illinois, and it owned and/or operated a hospital, namely Carle Richland Memorial Hospital, in the City of Olney, County of Richland, State of Illinois.

3. At all times relevant herein, SHARON C. SMITH, M.D. was an emergency medicine physician, who practiced at various hospitals and facilities throughout Illinois, including one in the County of Cook, State of Illinois and Carle Richland Memorial Hospital in the City of Olney, County of Richland, State of Illinois.

4. At all times relevant herein, SHARON C. SMITH, M.D. was an actual and/or apparent agent and/or employee of Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL.

5. On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

6. Between that fall and April 19, 2019, Plaintiff, DANNY GROVE, complained of persistent back pain.

7. On April 19, 2019, Plaintiff, DANNY GROVE, had a CT of his chest, abdomen, and pelvis at Carle Richland Memorial Hospital.

8. The reasons for said study included Plaintiff's fall and his history of persistent, severe back pain since the date of the fall.

9. On April 19, 2019, a radiologist read that study and reported "no significant abnormality" of the musculoskeletal areas of the chest.

10. That same day, a radiologist added an addendum to his earlier report, reporting abnormalities in the musculoskeletal areas of the chest, including: "Diffuse ossification of the anterior longitudinal ligament is seen in the thoracic and lumbar spine. No definite DISH fracture was seen."

11. On or about May 16, 2019, Plaintiff, DANNY GROVE, had a CTA of the chest at Carle Richland Memorial Hospital.

12. The reason for said study included Plaintiff, DANNY GROVE's medical history of "back pain after fall 1 month ago."

13. A radiologist read that study and reported the musculoskeletal areas as having "no significant abnormality."

14.     On May 25, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he complained of severe back pain radiating down both legs.

15.     On May 25, 2019, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., provided emergency room services to Plaintiff, DANNY GROVE.

16.     Despite complaints of severe back pain with radiating symptoms, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., discharged Plaintiff, DANNY GROVE.

17.     On May 26, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he, once again, complained of severe back pain with radiating symptoms.

18.     On May 26, 2019, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., provided emergency room services to Plaintiff, DANNY GROVE, and admitted him as an inpatient.

19.     On May 28, 2019, a radiologist reviewed the same CTA from May 16, 2019, and identified "acute thoracic spine fractures."

20.     At all times relevant herein, Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., owed Plaintiff, DANNY GROVE, a duty to act as a reasonably careful emergency medicine physician under the same or similar circumstances.

21.     Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, acting by and through its actual and/or apparent agents and/or employees, including SHARON C. SMITH, M.D., breached that duty in one or more of the following ways:

a. Failed to conduct a thorough physical examination, including a neurological examination, on May 25, 2019;
b. Failed to order tests, including a CT of the thoracic spine on May 25, 2019, given DANNY GROVE's history, pain complaints, and history of prostate cancer.
c. Failed to conduct a thorough physical examination, including a neurological examination, on May 26, 2019; or
d. Failed to order tests, including a CT of the thoracic spine on May 26, 2019, given DANNY GROVE's history, pain complaints, and history of prostate cancer.

22.     As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019 after experiencing partial paralysis.

23.     As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or employees, as aforesaid.

24.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

25.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count XXVI
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XXVI of her Complaint against Defendant, RICHLAND

MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, she states the following:

1-23. Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-23 of Count XXV of this Complaint as and for paragraphs 1-23 of Count XXVI.

24. Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

25. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, RICHLAND MEMORIAL HOSPITAL, INC. d/b/a RICHLAND MEMORIAL HOSPITAL, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.


### Count XXVII
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XXVII of his Complaint against Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, he states the following:

1. Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2. Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, is an Illinois corporation with its principal place of business in the Village of Sauget, County of St. Clair, State of Illinois, and it owned and/or operated a medical practice, commonly referred to as Weber Medical Clinic and located at 1200 North East Street in the City of Olney, County of Richland, State of Illinois.

3. At all times relevant herein, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual

and/or apparent agents and/or employees, including LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, provided primary care services to patients, including Plaintiff, DANNY GROVE.

4.      At all times relevant herein, LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C were actual and/or apparent agents and/or employees of Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE.

5.      On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

6.      After that fall, Plaintiff, DANNY GROVE, complained of persistent back pain.

7.      On April 15, 2019, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual agent/employee, including JAMIE BUMP, NP-C, saw Plaintiff, DANNY GROVE, who complained of severe back pain.

8.      On April 15, 2019, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual agent/employee, including JAMIE BUMP, NP-C, prescribed hydrocodone.

9.      On April 23, 2019, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual agent/employee, including JAMIE BUMP, NP-C, saw Plaintiff, DANNY GROVE, who, once again, complained of severe back pain.

10.      On April 23, 2019, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual agent/employee, including JAMIE BUMP, NP-C, prescribed physical therapy.

11.      From May 1, 2019 through May 24, 2019, Plaintiff, DANNY GROVE, participated in physical therapy and continued to make complaints of back pain, which were reported to Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through acting by and through its actual agent/employee, including but not limited to JAMIE BUMP, NP-C and LUIS DeVENECIA, M.D.

12.      On May 2, 2019, Plaintiff, DANNY GROVE, called Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, requesting more hydrocodone and Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION,

INC. d/b/a SIHF HEALTHCARE, acting by and through its actual and/or apparent agents and/or employees, prescribed same.

13.     On May 15, 2019, Plaintiff, DANNY GROVE, returned to the medical practice owned and/or operated by Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, and saw LUIS DeVENECIA, M.D.

14.     On May 15, 2019, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual and/or apparent agent and/or employee, including LUIS DeVENECIA, M.D., admitted Plaintiff, DANNY GROVE, as an inpatient at Carle Richland Memorial Hospital

15.     While an inpatient, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual and/or apparent agent and/or employee, including LUIS DeVENECIA, M.D., was the attending physician for Plaintiff, DANNY GROVE, who continued to complain of persistent, severe back pain.

16.     Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual and/or apparent agent and/or employee, including LUIS DeVENECIA, M.D., ordered a CT of the lumbar spine and an x-ray of the thoracic spine, which had already been ordered six weeks earlier.

17.     On May 22, 2019, Plaintiff, DANNY GROVE, returned to the medical practice owned and/or operated by Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, saw LUIS DeVENECIA, M.D., and complained of persistent, severe back pain since the fall.

18.     On May 25, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he complained of severe back pain radiating down both legs.

19.     Despite complaints of severe back pain and radiating symptoms, Plaintiff, DANNY GROVE, was discharged from the emergency room.

20.     On May 26, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he, once again, complained of severe back pain with radiating symptoms.

21.     On May 26, 2019, Plaintiff, DANNY GROVE, was admitted as an inpatient.

22.     On May 28, 2019, a radiologist reviewed a prior film from twelve days earlier and identified "acute thoracic spine fractures."

23.     At all times relevant herein, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through acting by and through its actual agent/employee, including but not limited to JAMIE BUMP, NP-C and LUIS DeVENECIA, M.D., owed Plaintiff, DANNY GROVE, a duty of reasonable care.

24.     Notwithstanding the aforesaid duty, Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, acting by and through its actual and/or apparent agents and/or employees, including LUIS DeVENECIA, M.D. and JAMIE BUMP, NP-C, breached that duty in one or more of the following ways:

   a.  Failed to perform a thorough physical examination on April 15, 2019;
   b.  Failed to order additional imaging, including a CT of the thoracic spine on April 15, 2019;
   c.  Failed to perform a thorough physical examination on April 23, 2019;
   d.  Failed to order additional imaging, including a CT of the thoracic spine on April 23, 2019, given DANNY GROVE's complaints of pain and continued need for muscle relaxers and narcotics;
   e.  Failed to rule out fractures before prescribing physical therapy;
   f.  Failed to schedule a follow-up appointment when DANNY GROVE requested additional narcotics on May 2, 2019;
   g.  Failed to order additional imaging when DANNY GROVE requested additional narcotics on May 2, 2019;
   h.  Failed to order additional imaging, including a CT of the thoracic spine, in response to the reports from the physical therapist;
   i.  Failed to perform a thorough physical examination while DANNY GROVE was in the hospital from May 15, 2019 through May 16, 2019;
   j.  Failed to order proper imaging, including a CT of the thoracic spine, given DANNY GROVE's complaints of pain while he was in the hospital from May 15, 2019 through May 16, 2019;
   k.  Failed to perform a thorough physical examination on May 22, 2019; or
   l.  Failed to order additional imaging, including a CT of the thoracic spine on May 22, 2019, given DANNY GROVE's

complaints of pain and continued need for muscle relaxers and narcotics.

25.     As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019 after experiencing partial paralysis.

26.     As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, acting by and through its actual and/or employees, as aforesaid.

27.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

28.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

### Count XXVIII
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XXVIII of her Complaint against Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, she states the following:

1-26.   Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-25 of Count XXVII of this Complaint as and for paragraphs 1-25 of Count XXVIII.

27.     Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

28.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC. d/b/a SIHF HEALTHCARE, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

### Count XXIX
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XXIX of his Complaint against Defendant, LUIS DeVENECIA, M.D., he states the following:

1.     Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.     Defendant, LUIS DeVENECIA, M.D., is a resident of the City of Olney, County of Richland, State of Illinois.

3.     At all times relevant herein, Defendant, LUIS DeVENECIA, M.D., was an internal medicine physician, who practiced, along with JAMIE BUMP, NP-C, at a medical practice commonly referred to as Weber Medical Clinic and located at 1200 North East Street in the City of Olney, County of Richland, State of Illinois

4.     At all times relevant herein, Defendant, LUIS DeVENECIA, M.D., was the primary care physician for Plaintiff, DANNY GROVE, and he was a collaborating physician for JAMIE BUMP, NP-C.

5.     On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

6.     After that fall, Plaintiff, DANNY GROVE, complained of persistent back pain.

7.     On April 15, 2019, Plaintiff, DANNY GROVE, went to Weber Medical Clinic,

saw JAMIE BUMP, NP-C, and complained of persistent, severe back pain since the fall.

8.    On April 15, 2019, JAMIE BUMP, NP-C, prescribed hydrocodone.

9.    Defendant, LUIS DeVENECIA, M.D., knew or should have known of the care and treatment, or lack thereof, that JAMIE BUMP, NP-C provided on April 15, 2019.

10.    On April 23, 2019, Plaintiff, DANNY GROVE, returned to Weber Medical Clinic, saw JAMIE BUMP, NP-C, and, once again, complained of severe back pain

11.    On April 23, 2019, JAMIE BUMP, NP-C, prescribed physical therapy.

12.    Defendant, LUIS DeVENECIA, M.D., knew or should have known of the care and treatment, or lack thereof, that JAMIE BUMP, NP-C provided on April 23, 2019.

13.    From May 1, 2019 through May 24, 2019, Plaintiff, DANNY GROVE, participated in physical therapy and continued to make complaints of back pain, which were reported to Defendant, LUIS DeVENECIA, M.D., his primary care physician.

14.    On May 2, 2019, Plaintiff, DANNY GROVE, called Weber Medical Clinic, requesting more hydrocodone and Defendant, LUIS DeVENECIA, M.D., prescribed same.

15.    On May 15, 2019, Plaintiff, DANNY GROVE, returned to Weber Medical Clinic and saw Defendant, LUIS DeVENECIA, M.D.

16.    On May 15, 2019, Defendant, LUIS DeVENECIA, M.D., admitted Plaintiff, DANNY GROVE, as an inpatient at Carle Richland Memorial Hospital

17.    While an inpatient, Defendant, LUIS DeVENECIA, M.D., was the attending physician for Plaintiff, DANNY GROVE, who complained of persistent, severe back pain since the fall.

18.    Also, while an inpatient, Defendant, LUIS DeVENECIA, M.D., ordered a CT of the lumbar spine and an x-ray of the thoracic spine, which had already been ordered six weeks earlier.

19.    On May 22, 2019, Plaintiff, DANNY GROVE, returned to Weber Medical Clinic, saw Defendant, LUIS DeVENECIA, M.D., and complained of persistent, severe back pain.

20.    On May 25, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he complained of severe back pain radiating down both legs.

21.    Despite complaints of severe back pain and radiating symptoms, Plaintiff,

DANNY GROVE, was discharged from the emergency room.

22. On May 26, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the emergency department at Carle Richland Memorial Hospital, where he, once again, complained of severe back pain with radiating symptoms.

23. On May 26, 2019, Plaintiff, DANNY GROVE, was admitted as an inpatient.

24. On May 28, 2019, a radiologist reviewed a prior film from twelve days earlier and identified "acute thoracic spine fractures."

25. At all times relevant herein, Defendant, LUIS DeVENECIA, M.D., owed Plaintiff, DANNY GROVE, a duty to act in a reasonably careful manner in his care and treatment.

26. Defendant, LUIS DeVENECIA, M.D., breached that duty in one or more of the following ways:

   a. Failed to perform a thorough physical examination on April 15, 2019;
   b. Failed to order additional imaging, including a CT of the thoracic spine on April 15, 2019;
   c. Failed to perform a thorough physical examination on April 23, 2019;
   d. Failed to order additional imaging, including a CT of the thoracic spine on April 23, 2019, given DANNY GROVE's complaints of pain and continued need for muscle relaxers and narcotics;
   e. Failed to rule out fractures before prescribing physical therapy;
   f. Failed to schedule a follow-up appointment when DANNY GROVE requested additional narcotics on May 2, 2019;
   g. Failed to order additional imaging when DANNY GROVE requested additional narcotics on May 2, 2019;
   h. Failed to order additional imaging, including a CT of the thoracic spine, in response to the reports from the physical therapist;
   i. Failed to perform a thorough physical examination while DANNY GROVE was in the hospital from May 15, 2019 through May 16, 2019;
   j. Failed to order proper imaging, including a CT of the thoracic spine, given DANNY GROVE's complaints of pain while he was in the hospital from May 15, 2019 through May 16, 2019;
   k. Failed to perform a thorough physical examination on May 22, 2019; or

l. Failed to order additional imaging, including a CT of the thoracic spine on May 22, 2019, given DANNY GROVE's complaints of pain and continued need for muscle relaxers and narcotics.

27.     As a direct and proximate result of one or more of the above negligent acts or omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and untreated until May 28, 2019 after experiencing partial paralysis.

28.     As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY GROVE, has incurred medical expenses and will in the future incur medical expenses; has endured pain and suffering and will in the future experience pain and suffering; has experienced a loss of normal life and will in the future experience a loss of normal life, has lost wages and will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct, as aforesaid.

29.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

30.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a judgment against Defendant, LUIS DeVENECIA, M.D., in a sum in excess of fifty thousand dollars ($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## Count XXX
*Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for Count XXX of her Complaint against Defendant, LUIS DeVENECIA, M.D., she states the following:

1-28.   Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-28 of Count XXIX of this Complaint as and for paragraphs 1-28 of Count XXX.

29.     Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

30.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, LUIS DeVENECIA, M.D., as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, LUIS DeVENECIA, M.D., in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

### Count XXXI
*Negligence*

Now comes Plaintiff, DANNY GROVE, by and through DUNCAN LAW GROUP, LLC, his attorneys, and for Count XXXI of his Complaint against Defendant, JAMIE BUMP, NP-C, he states the following:

1.    Plaintiff, DANNY GROVE, is a resident of the City of Olney, County of Richland, State of Illinois.

2.    Defendant, JAMIE BUMP, NP-C, is a resident of the City of Olney, County of Richland, State of Illinois.

3.    At all times relevant herein, Defendant, JAMIE BUMP, NP-C, was a nurse practitioner who saw patients at a medical practice commonly referred to as Weber Medical Clinic and located at 1200 North East Street in the City of Olney, County of Richland, State of Illinois

4.    On April 9, 2019, Plaintiff, DANNY GROVE, fell while a patient at Carle Richland Memorial Hospital.

5.    After that fall, Plaintiff, DANNY GROVE, complained of persistent back pain.

6.    On April 15, 2019, Plaintiff, DANNY GROVE, went to Weber Medical Clinic, saw Defendant, JAMIE BUMP, NP-C, and complained of severe back pain.

7.    On April 15, 2019, Defendant, JAMIE BUMP, NP-C, prescribed hydrocodone.

8.    On April 23, 2019, Plaintiff, DANNY GROVE, returned to Weber Medical Clinic, saw Defendant, JAMIE BUMP, NP-C, and, once again, complained of severe back pain

9.    On April 23, 2019, Defendant, JAMIE BUMP, NP-C, prescribed physical

therapy.

10.     From May 1, 2019 through May 24, 2019, Plaintiff, DANNY GROVE,
participated in physical therapy and continued to complain of persistent, severe back pain, which
was reported to Defendant, JAMIE BUMP, NP-C.

11.     On May 2, 2019, Plaintiff, DANNY GROVE, called Weber Medical Clinic,
requesting more hydrocodone and Defendant, JAMIE BUMP, NP-C, prescribed same.

12.     On May 25, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the
emergency department at Carle Richland Memorial Hospital, where he complained of severe
back pain radiating down both legs.

13.     Despite complaints of severe back pain and radiating symptoms, Plaintiff,
DANNY GROVE, was discharged from the emergency room.

14.     On May 26, 2019, paramedics rushed Plaintiff, DANNY GROVE, to the
emergency department at Carle Richland Memorial Hospital, where he, once again, complained
of severe back pain with radiating symptoms.

15.     On May 26, 2019, Plaintiff, DANNY GROVE, was admitted as an inpatient.

16.     On May 28, 2019, a radiologist reviewed a prior film from twelve days earlier and
identified "acute thoracic spine fractures."

17.     At all times relevant herein, Defendant, JAMIE BUMP, NP-C, owed Plaintiff,
DANNY GROVE, a duty to act in a reasonably careful manner in her care and treatment.

18.     Defendant, JAMIE BUMP, NP-C, breached that duty in one or more of the
following ways:

   a. Failed to perform a thorough physical examination on April 15,
      2019;
   b. Failed to order additional imaging, including a CT of the
      thoracic spine on April 15, 2019;
   c. Failed to perform a thorough physical examination on April 23,
      2019;
   d. Failed to order additional imaging, including a CT of the
      thoracic spine on April 23, 2019, given DANNY GROVE's
      complaints of pain and continued need for muscle relaxers and
      narcotics;
   e. Failed to rule out fractures before prescribing physical therapy;
   f. Failed to schedule a follow-up appointment when DANNY
      GROVE requested additional narcotics on May 2, 2019;

g. Failed to order additional imaging when DANNY GROVE
requested additional narcotics on May 2, 2019; or

h. Failed to order additional imaging, including a CT of the
thoracic spine, in response to the reports from the physical
therapist.

19.     As a direct and proximate result of one or more of the above negligent acts or

omissions, Plaintiff, DANNY GROVE's spinal fracture when undetected, undiagnosed, and

untreated until May 28, 2019 after experiencing partial paralysis.

20.     As a direct and proximate result of that delay in diagnosis, Plaintiff, DANNY

GROVE, has incurred medical expenses and will in the future incur medical expenses; has

endured pain and suffering and will in the future experience pain and suffering; has experienced

a loss of normal life and will in the future experience a loss of normal life, has lost wages and

will in the future lose wages; and has become disfigured, all as a result of Defendant's conduct,

as aforesaid.

21.     Attached is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that

this cause of action is worth in excess of $50,000.00.

22.     Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil

Procedure.

Wherefore, Plaintiff, DANNY GROVE, prays that this Honorable Court enters a

judgment against Defendant, JAMIE BUMP, NP-C, in a sum in excess of fifty thousand dollars

($50,000.00), plus the cost of this lawsuit, and grants such other, further, and different relief as

this Court deems equitable and just under the circumstances.

## Count XXXII
### *Loss of Consortium*

Now Comes Plaintiff, MARILYN GROVE, by and through DUNCAN LAW GROUP,

LLC, her attorneys, and for Count XXXII of her Complaint against Defendant, JAMIE BUMP,

NP-C, she states the following:

1-20.   Plaintiff, MARILYN GROVE, reasserts and realleges paragraphs 1-20 of Count

XXXI of this Complaint as and for paragraphs 1-20 of Count XXXII.

21.     Plaintiff, MARILYN GROVE, is the lawfully wedded wife of DANNY GROVE.

22.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, JAMIE BUMP, NP-C, as adopted herein, Plaintiff, MARILYN GROVE, suffered a loss of consortium.

Wherefore, Plaintiff, MARILYN GROVE, prays that this Honorable Court enters a Judgment against the Defendant, JAMIE BUMP, NP-C, in such sums as to fairly and justly compensate Plaintiff, MARILYN GROVE, for her substantial loss, which exceeds the jurisdictional limits of this Court, and costs of suit.

DANNY GROVE and
MARILYN GROVE, Plaintiffs


/s/ BRIAN K. HETZER
Robert R. Duncan
Brian K. Hetzer
**DUNCAN LAW GROUP, LLC**

Firm Code: 47926
Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DANNY GROVE and MARILYN GROVE,

Plaintiffs,

v.                                                   No. 2021 L

THE CARLE FOUNDATION, RICHLAND
MEMORIAL HOSPITAL, INC. d/b/a
RICHLAND MEMORIAL HOSPITAL,
STEPHANIE GINDER, R.N.,
CAROL VAN BLARICUM, R.N.,
CLINICAL RADIOLOGISTS, S.C.,
JEFFREY P. CULLEN, M.D., SHARON C.
SMITH, M.D., SOUTHERN ILLINOIS
HEALTH CARE FOUNDATION, INC. d/b/a
SIHF HEALTHCARE, LUIS C.
DeVENECIA, M.D., and JAMIE BUMP, NP,

Defendants.

## **JURY DEMAND**

Plaintiffs, DANNY GROVE and MARILYN GROVE, demand a jury of twelve on each
and every count of their Complaint.

DANNY GROVE and
MARILYN GROVE, Plaintiffs

/s/ BRIAN K. HETZER
Robert R. Duncan
Brian K. Hetzer
**DUNCAN LAW GROUP, LLC**

Firm Code: 47926
Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

53

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DANNY GROVE and MARILYN GROVE,

Plaintiffs,

v.                                                    No. 2021 L

THE CARLE FOUNDATION, RICHLAND
MEMORIAL HOSPITAL, INC. d/b/a
RICHLAND MEMORIAL HOSPITAL,
STEPHANIE GINDER, R.N.,
CAROL VAN BLARICUM, R.N.,
CLINICAL RADIOLOGISTS, S.C.,
JEFFREY P. CULLEN, M.D., SHARON C.
SMITH, M.D., SOUTHERN ILLINOIS
HEALTH CARE FOUNDATION, INC. d/b/a
SIHF HEALTHCARE, LUIS C.
DeVENECIA, M.D., and JAMIE BUMP, NP,

Defendants.

## AFFIDAVIT

Now comes Affiant, BRIAN K. HETZER, stating the following under oath:

1. That he is the attorney of record for Plaintiff.
2. That the money damages sought exceed $50,000.00.

Further Affiant sayeth naught.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

DUNCAN LAW GROUP, LLC


/s/ BRIAN K. HETZER
Brian K. Hetzer

Firm Code: 47926
Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DANNY GROVE and MARILYN GROVE,

Plaintiffs,

v.                                              No. 2021 L

THE CARLE FOUNDATION, RICHLAND
MEMORIAL HOSPITAL, INC. d/b/a
RICHLAND MEMORIAL HOSPITAL,
STEPHANIE GINDER, R.N.,
CAROL VAN BLARICUM, R.N.,
CLINICAL RADIOLOGISTS, S.C.,
JEFFREY P. CULLEN, M.D., SHARON C.
SMITH, M.D., SOUTHERN ILLINOIS
HEALTH CARE FOUNDATION, INC. d/b/a
SIHF HEALTHCARE, LUIS C.
DeVENECIA, M.D., and JAMIE BUMP, NP,

Defendants.

**AFFIDAVIT**
*735 ILCS 5/2-622*

BRIAN K. HETZER, being first duly sworn, states as follows:

I am an attorney employed by DUNCAN LAW GROUP, LLC, the attorneys for Plaintiff.

I have reviewed the facts of the case with a healthcare professional whom I believe is knowledgeable in the relevant issues in this particular action, practices, or has practiced in the last five years, in the same area of medicine that is at issue in this particular action and is qualified by experience in the subject of this case.

The reviewing healthcare professional has determined in a written report, after a review of the medical record, that there is a reasonable and meritorious cause for the filing of such an action.

Based on my consultation with the healthcare professional, I have also concluded that there is a reasonable and meritorious cause for filing this action.

A copy of the reviewing healthcare professional's report (with information which would identify the reviewing healthcare professional being deleted) is attached to this Affidavit.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

/s/ BRIAN K. HETZER
Brian K. Hetzer

Firm Code: 47926
Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

55

Robert R. Duncan
Brian K. Hetzer
DUNCAN LAW GROUP, LLC
161 N. Clark St., Suite 2550
Chicago, Illinois 60601

RE:    Danny Grove

Dear Mr. Hetzer:

I am a doctor board-certified in internal medicine. I am familiar with the care and treatment relevant to Danny Grove and I have read and reviewed the following records related to the care in question:

1) Medical Records and Images from Carle Richland Memorial Hospital;
2) Medical Records from Deaconess Hospital;
2) Medical Records from Dr. Chou; and
4) Medical Records from Dr. DeVenecia

Based upon my education, training and experience, and my review of the aforesaid records, it is my opinion, based on a reasonable degree of medical certainty, that the care and treatment provided by the agents/employees of Carle Richland Memorial Hospital, including its nursing staff, fell below the standard of care, and as such, there is a reasonable and meritorious basis for filing an action against Carle Richland Memorial Hospital.

On April 9, 2019, Danny Grove had a colonoscopy at Carle Richland Memorial Hospital under general anesthesia. Following same, while recovering, Danny fell in a bathroom. The staff at Carle Richland Memorial Hospital failed to recognize that Danny was a fall risk after being under general anesthesia and failed to take adequate precautions to prevent him from falling. That fall was avoidable, if he had been monitored properly.

As a result of those failures, Danny fell and fractured his thoracic spine, and there is a reasonable and meritorious basis for a case against Carle Richland Memorial Hospital.

Robert R. Duncan
Brian K. Hetzer
DUNCAN LAW GROUP, LLC
161 N. Clark St., Suite 2550
Chicago, Illinois 60601

RE:    Danny Grove

Dear Mr. Hetzer:

I am a doctor board-certified in internal medicine and I have over 40 years of experience as a practicing internal medicine physician. I am familiar with the care and treatment relevant to Danny Grove and I have read and reviewed the following records related to the care in question:

1) Medical Records and Images from Carle Richland Memorial Hospital;
2) Medical Records from Deaconess Hospital;
2) Medical Records from Dr. Chou; and
4) Medical Records from Dr. DeVenecia

Based upon my education, training and experience, and my review of the aforesaid records, it is my opinion, based on a reasonable degree of medical certainty, that the care and treatment provided by Luis DeVenecia, M.D. and Jamie Bump, NP fell below the standard of care, and as such, there is a reasonable and meritorious basis for filing an action against them.

On April 9, 2019, Danny Grove fell at Carle Richland Memorial Hospital following a colonoscopy. Since that fall, he made consistent complaints of back pain, including pain between his shoulder blades.

On April 15, 2019, Danny went to his primary care provider and saw Jamie Bump, NP. There, he complained of severe back pain and Nurse Bump prescribed hydrocodone. Nurse Bump failed to perform a proper physical examination of Danny's complaints. Further, given his continued pain, which he rated as severe, the standard of care required additional imaging, including a CT of the thoracic spine. Nurse Bump failed to order same.

On April 23, 2019, Danny returned to his primary care provider, and once again, saw Jamie Bump, NP. Again, he complained of severe back pain, which he rated an 8-9/10, even while taking muscle relaxers regularly. Nurse Bump prescribed physical therapy. Nurse Bump failed to perform a proper physical examination of Danny's complaints. Further, given continued complaints of severe pain two weeks after a fall, the standard of care required additional imaging, including a CT of the thoracic spine. Nurse Bump failed to order same.

On May 2, 2019, Danny called his primary care provider, requesting more hydrocodone. Given continued complaints and his need for narcotics nearly a month after the fall, the standard of care required ordering additional imaging, including a CT of the thoracic spine, and scheduling a follow-up appointment. Dr. DeVenecia and Nurse Bump failed to do so.

On May 15, 2019, Danny returned to his primary care provider and saw Dr. DeVenecia, who admitted Danny to the hospital due to anemia. While at the hospital, Dr. DeVenecia was his attending physician, and Danny continued to complain of back pain. During that admission, Dr. DeVenecia failed to conduct a proper physical examination, given Danny's complaints. Further, he failed to order a CT of the thoracic spine.

On May 22, 2019, Danny returned to his primary care provider and saw Dr. DeVenecia. Once again, Danny continued to complain of back pain. Yet, Dr. DeVenecia failed to conduct a proper physical examination and failed to order additional imaging, including a CT of the thoracic spine.

As a result of those deviations from the standard of care, there was a delay in diagnosis and treatment of Danny's thoracic spine fracture, and there is a reasonable and meritorious basis for a case against Luis DeVenecia, M.D. and Jamie Bump, NP.

Robert R. Duncan
Brian K. Hetzer
DUNCAN LAW GROUP, LLC
161 N. Clark St., Suite 2550
Chicago, Illinois 60601

RE:   Danny Grove

Dear Mr. Hetzer:

I am a doctor board-certified in radiology; I have over 8 years of experience as a practicing radiologist; and I am the director of head and neck imaging at a major medical institution. I am familiar with the care and treatment relevant to Danny Grove and I have read and reviewed the following records related to the care in question:

A)    Radiological Images and Reports from Carle Richland Memorial Hospital

On May 16, 2019, Danny Grove had a CTA of the aorta. The reason for the study included "back pain after fall 1 month ago." The standard of care required viewing all internal structures visible on the CTA, identifying abnormalities, documenting those abnormalities, and communicating critical abnormalities to a treating physician. Of note, the scan demonstrated a fracture involving the upper thoracic spine, which was not initially reported by Dr. Cullen. That thoracic spine fracture was a critical finding, which warranted communicating it to the treating physician. This was not done until several weeks later upon Dr. Cullen's re-review of the scan.

As a result, there is a reasonable and meritorious basis for a case against Dr. Jeff Cullen.

Robert R. Duncan
Brian K. Hetzer
DUNCAN LAW GROUP, LLC
161 N. Clark St., Suite 2550
Chicago, Illinois 60601

RE: Danny Grove

Dear Mr. Hetzer:

I am a doctor board-certified in emergency medicine; I have over 15 years of experience as a practicing emergency medicine physician; and I am an assistant professor of emergency medicine at a university. I am familiar with the care and treatment relevant to Danny Grove and I have read and reviewed the following records related to the care in question:

1) Medical Records and Images from Carle Richland Memorial Hospital;
2) Medical Records from Deaconess Hospital;
2) Medical Records from Dr. Chou; and
4) Medical Records from Dr. DeVenecia

Based upon my education, training and experience, and my review of the aforesaid records, it is my opinion, based on a reasonable degree of medical certainty, that the care and treatment provided by Dr. Sharon Smith fell below the standard of care, and as such, there is a reasonable and meritorious basis for filing an action against and Dr. Sharon Smith and Carle Richland Memorial Hospital.

On May 25, 2019, paramedics transported Danny Grove to the emergency department at Carle Richland Memorial Hospital. Danny complained of back pain which he rated as extreme. The standard of care required reviewing the patient complaints, conducting a physical examination, including a neurological exam, and doing a work-up of his complaints. Dr. Smith failed to do so. She failed to conduct a thorough neurological exam. She also failed to order tests that were necessary for a proper work-up. Given his history, his pain complaints, and his previous prostate cancer, Danny needed a CT of the thoracic spine. Dr. Smith failed to do so, breaching the standard of care.

The next day, on May 26, 2019, paramedics transported Danny Grove to the emergency department at Carle Richland Memorial Hospital. Once again, he complained of back pain following a fall. The standard of care required reviewing the patient complaints, conducting a physical examination, including a neurological exam, and doing a work-up of his complaints. Dr. Smith failed to do so. She failed to conduct a thorough neurological exam. She also failed to order tests that were necessary for a proper work-up. Given his history, his pain complaints, and his previous prostate cancer, Danny needed a CT of the thoracic spine. Dr. Smith failed to do so, breaching the standard of care.

As a result of those deviations from the standard of care, there was a delay in diagnosis and treatment of Danny's thoracic spine fracture, and there is a reasonable and meritorious basis for a case against Dr. Sharon Smith and Carle Richland Memorial Hospital.

# Exhibit B

# CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint *Danny Grove, et al. v, The Carle Foundation*, *et al*., No. 2021 L 003665 (Circuit Court of Cook County, Illinois), and all attachments thereto.   On the basis of the information now available, I find that at the relevant times, Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare, was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233.   Further, I certify that Luis C. DeVenecia, M.D., and Jamie Bump, N.P., were acting within the scope of their employment at Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare with respect to the incidents referred to in the complaint.   Accordingly, for purposes of the above case, Southern Illinois Health Care Foundation, Inc., d/b/a SIHF Healthcare, Luis C. DeVenecia, M.D., and Jamie Bump, N.P., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

 s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
 for the Northern District of Illinois

Date: August 16, 2021